This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38147

**REUBEN GALVAN,**

Petitioner-Appellant,

v.

**NORMAN DANSEREAU, Personal Representative,**

Respondent-Appellee,

**IN THE MATTER OF THE ESTATE OF GILLES L. DELISLE, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Reuben Galvan
Las Cruces, NM

Pro Se Appellant

Gluth Law, LLC
Alan D. Gluth
Las Cruces, NM

for Appellee

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Petitioner appeals following the district court's final order granting summary judgment in favor of Respondent and dismissing Petitioner's putative claim against the Estate of Delisle. [RP 286-88] On March 31, 2020, this Court, having reviewed Petitioner's docketing statement, issued a notice proposing to summarily affirm. On April

17, 2020, Respondent timely filed a combined memorandum in support of our proposed summary disposition and motion to dismiss this appeal on the ground that Petitioner's docketing statement was filed out of time. Respondent's motion to dismiss is **DENIED**.

**{2}** With respect to the merits of this appeal, we note that Petitioner failed to timely file a memorandum in opposition. *See* Rule 12-210(D)(2) NMRA (providing a 20-day period for a response to a calendar notice to be filed). Instead, on May 4, 2020, Petitioner filed a motion for extension of time. Petitioner's motion fails to meet Rule 12-309(C) NMRA, requiring Petitioner, prior to filing, to "attempt to ascertain whether the motion will be opposed by any other party," and to recite in the motion "whether, on inquiry by counsel for the movant, any other party has expressed an intention to oppose or not oppose the motion or why the position of another party was not obtained after reasonable effort." Rule 12-309(C). Petitioner's motion for extension of time is therefore **DENIED**.

**{3}** We note that Petitioner filed a copy of his memorandum in opposition along with his motion for extension of time. However, even if this Court were to accept Petitioner's submission as timely, we conclude that Petitioner's memorandum in opposition is unpersuasive. Petitioner's memorandum generally repeats, without adequate supporting authority, arguments presented in his docketing statement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Moreover, to the extent Petitioner's memorandum is responsive to this Court's calendar notice, it fails to clearly point out errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore rely on the reasoning contained in our notice of proposed disposition and affirm the district court.

**{4} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**